## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Larry F., Petitioner Below, Petitioner**

**vs) No. 12-0164** (Logan County 10-D-462)

**Lisa F., Respondent Below, Respondent**

**FILED**

**March 12, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

### MEMORANDUM DECISION

Petitioner Larry F., by counsel Peter A. Hendricks, appeals the January 17, 2012 order of the Circuit Court of Logan County granting, in part, petitioner's appeal from family court. Respondent Lisa F., by counsel Brian R. Abraham, has filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following the entry of the Family Court of Logan County's final order in the parties' divorce proceedings, petitioner appealed to the circuit court alleging multiple errors in the family court's awards of alimony and child support. After briefing and oral argument, the circuit court entered an order altering the family court's child support calculation, clarifying that petitioner's payment to respondent for costs associated with the marital home should be characterized as alimony, and finding that rehabilitative alimony payments should continue for thirty-six months, as opposed to the sixty months the family court ordered.

On appeal to this Court, petitioner alleges three assignments of error. Specifically, petitioner argues that the alimony awarded to respondent was excessive and unsupported by the evidence because the circuit court failed to consider the appropriate statutory factors, the circuit court erred in converting the family court's rehabilitative alimony award into a lifetime alimony award, and the circuit court erred in ordering that any future modification of the alimony payments would be heard by the circuit court and not by the family court. In response, Ms. F. argues that she presented sufficient evidence to establish that the alimony award was proper and not excessive, the circuit court did not err in its award of permanent alimony, and the circuit court did not order petitions for alimony modification be filed in the circuit court.

This Court has previously held that

> [i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous

1

standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). To begin, the Court finds no error regarding the lower courts' awards of alimony to respondent. Nothing in the record indicates that the circuit court failed to consider any of the factors required by West Virginia Code § 48-6-301(b) in determining the amount of spousal support. While petitioner alleges that the lower courts failed to consider his inability to pay the support at issue in rendering their decisions, the record demonstrates that this issue was clearly considered because petitioner's appeal to the circuit court was premised on this very issue. As such, the Court finds no error in the spousal support awarded to respondent.

As to petitioner's argument that the circuit court erred in converting the family court's award of rehabilitative alimony to petitioner into a permanent alimony award, the Court finds no merit in this assignment of error. In the family court's final order, it instructed petitioner to pay respondent for the house payment, utilities, and insurance related to the marital home. This payment was not characterized as rehabilitative alimony in the family court's order, and in fact appeared seven paragraphs ahead of the family court's discussion of rehabilitative alimony. In ruling on petitioner's appeal, the circuit court simply stated that "the award of payment to [respondent] for the house payment, utilities and insurance should be characterized as alimony. . . ." As such, the Court finds no error in regard to the circuit court's clarification as to the previously awarded payments at issue.

Lastly, in regard to petitioner's argument that the circuit court usurped the family court's statutory powers by ordering all future alimony modification issues would be heard in circuit court, the Court finds no merit to this assignment of error. The circuit court's order specifically states that review of respondent's rehabilitative alimony will be before the Family Court of Logan County. In regard to the order stating that the child support obligation will be paid at a certain amount "until further modified by the Court," we find that the record is insufficient to establish that this was a requirement that all petitions for modification be filed in the circuit court.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 17, 2012 order concerning petitioner's appeal from the family court is affirmed.

Affirmed.

**ISSUED:** March 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II